## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  16-CV-00581-KLM

**SUZANNA F. DAILEY,**

     Plaintiff,

v.

**NIKOS HECHT**,

     Defendant.

---

## MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f) AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)

---

Defendant Nikos Hecht, through his attorneys Lewis Roca Rothgerber Christie LLP, and pursuant to Fed. R. Civ. P. 12(e) and (f), asks this Court to strike Plaintiff's Complaint and to order that a more definite statement be filed.[1]  In support thereof, Plaintiff states as follows:

In her Complaint, Plaintiff alleges that she was subjected to unwanted sexual contact by Defendant on a single occasion while on vacation in Mexico, and that as a result of this incident Defendant is liable for assault, battery and sexual assault, and intentional infliction of emotional distress.  Although Plaintiff's claims arise from a single incident between Plaintiff and Defendant, the Complaint is filled with highly incendiary allegations that are in no way related to the incident or the claims asserted by Plaintiff.  Plaintiff also includes four exhibits spanning 85 pages that are not relevant and are highly prejudicial to Defendant.  As written, the Complaint is antithetical to Rule 8's requirement that a complaint contain a short and plain statement of the

---

[1] Consistent with F.R.C.P. Rule 12(a)(4), an Answer is not due until after resolution of this Motion.

1

facts.  Fed. R. Civ. P. 8.  As such, pursuant to Fed. R. Civ. P. 12(f), Defendant requests that this

Court strike those allegations and exhibits.

In addition to the impermissible general allegations in the Complaint, each of Plaintiff's

three claims for relief are unclear.  Although each count is styled as a claim under Colorado

law—assault, battery and sexual assault, and intentional infliction of emotional distress—the

allegations within each claim oscillate between those elements necessary to plead the named

claims and those elements necessary to plead a claim for extra-contractual liability under

Mexican law.  This inconsistency makes each of the claims so vague and ambiguous that

Defendant cannot reasonably prepare a response.  Defendant requests, pursuant to Rule 12(e),

that Plaintiff be required to file a more definite statement for the claims she pleads.

## I.   PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN BECAUSE IT IS LITTERED WITH IMMATERIAL, IMPERTINENT AND SCANDALOUS ALLEGATIONS

### A.   Standard of Review

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to strike from a

pleading "any redundant, immaterial, impertinent, or scandalous matter."  *Kimpton Hotel & Rest.*

*Grp., LLC v. Monaco Inn, Inc.*, No. CIV.A. 07-CV-01514-W, 2008 WL 140488, at *1 (D. Colo.

Jan. 11, 2008).  "The purpose of Rule 12(f) is to save the time and money that would be spent

litigating issues that will not affect the outcome of the case."  *United States v. Smuggler–Durant*

*Mining Corp.,* 823 F.Supp. 873, 875 (D.Colo.1993).  Motions to strike are granted when the

allegations have no bearing on the controversy and the movant can show that he has been

prejudiced.  *Sierra Club v. Young Life Campaign, Inc.,* 176 F.Supp.2d 1070, 1086

(D.Colo.2001).  Further, when the Defendant can show that the allegations are impertinent and

2

immaterial and that no evidence in support of the allegation would be admissible, a motion to strike will be granted. *Kimpton Hotel,* 2008 WL 1404088 at *1.

**B.**     **Argument**

**1.     Allegations unrelated to this case should be stricken.**

Plaintiff alleges that while on vacation in Mexico she was sexually assaulted by Defendant. Compl. ¶ 1. According to Plaintiff this was a single incident; prior to the incident, she had no relationship with Defendant and after the incident she did not have any contact with Defendant. Compl. ¶¶ 1, 2. Despite the limited nature of these allegations, Plaintiff's Complaint devotes almost three full pages to allegations wholly unrelated to these facts. Instead, Plaintiff includes numerous paragraphs regarding an unrelated incident involving Defendant and his former girlfriend where Defendant pleaded guilty to a misdemeanor for pulling the strap of his former girlfriend's purse. Compl. ¶¶25, 26, 27, 28, 29. These allegations are from the summer and fall of 2015, more than a year after Plaintiff alleges that the incident in Mexico took place. In addition to these inappropriate allegations, Plaintiff attaches four exhibits that detail the allegations between Plaintiff and his former girlfriend which have no bearing on this case. [Docket #1-1, 1-2, 1-3, 1-4.] The exhibits include two newspaper articles discussing the later domestic violence charges against Defendant (most of which were later dropped), as well as Defendant's plea deal, and the entire 72 page transcript from his sentencing hearing. These allegations are a thinly veiled attempt by Plaintiff to create negative publicity for Defendant, a prominent Aspen resident, in the media. These allegations and exhibits are inadmissible, immaterial, impertinent and scandalous; their only purpose is to embarrass the Defendant.

First and foremost, these allegations and exhibits are not relevant.  Under the Federal Rules of Evidence "[i]rrelevant evidence is not admissible."  F.R.E. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence."  F.R.E. 401.  Whether Defendant and his former girlfriend had a troubled relationship more than a year after Defendant's alleged encounter with Plaintiff does not make it more or less likely that Defendant sexually assaulted Plaintiff as she alleges.

Second, even if these allegations are relevant (they are not), this type of evidence would be specifically excluded by Rules 404(a) and 404(b).  Although a final determination of admissibility is not necessary at this juncture, the Court should not allow the Plaintiff to include material in the Complaint that is unlikely to be admitted and is highly prejudicial.  Rule 404(a) prohibits evidence of a person's character or character trait "to prove that on a particular occasion the person acted in accordance with the character or trait."  F.R.E. 404(a)(1).  Similarly, Rule 404(b) prohibits using evidence of a crime or wrong "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  F.R.E. 404(b)(1).  This is precisely what Plaintiff is trying to do through her unproven Complaint allegations—paint Defendant as a violent person, and therefore that he sexually assaulted her on the night in question.  The Court should reject Plaintiff's attempts to contaminate this case with these impermissible and prejudicial allegations.

4

### 2.      Argumentative allegations should be stricken.

In addition to the numerous irrelevant and prejudicial allegations that are described above, Plaintiff also includes allegations that are impermissible argument.  For example, the Complaint contains the following gratuitous and argumentative allegations:

- "While Ms. Dailey may have felt she was in a safe and idyllic environment, surrounded by friends and family, she could not have been in a more dangerous environment as she became helpless prey of a vicious and opportunistic predator."  Compl. ¶ 3.

- "By this lawsuit, Ms. Dailey also seeks to prevent other unsuspecting women who may randomly find themselves in Hecht's path from being victimized by Hecht through his violent behavior which he is unwilling to control."  *Id.* at ¶ 4.

- "Hecht was talking to other guests, and appeared not to be paying particular attention to Ms. Dailey.  Or so Ms. Dailey thought."  *Id.* at 16.

- "Little did Ms. Dailey know that Hecht was planning something far more sinister than a peaceful walk through the gardens."  *Id.* at ¶ 17.

- "Ms. Dailey now brings her claims to vindicate her own 'night of terror' from the violence and sexual assault she suffered at the hands of an uncontrollable Hecht."  *Id.* at ¶ 30.

- "Ms. Dailey has retained the undersigned counsel and is obligated to pay them their reasonable attorneys' fees to prosecute this matter."  *Id.* at ¶ 31.

Statements that are argumentative rather than relevant allegations or background information should be stricken.  *See Foster v. Pfizer,* No. 00-1287-JTM, 2000 WL 33170897, *2-3 (D. Kan. December 12, 2000) (striking argumentative allegations); *Low v. Chu,* No. 09-cv-398-

CVE-PJC, 2009 WL 3104040 (N.D. Okla. Sept. 21, 2009) (dismissing complaint with leave to file an amended complaint because it contained numerous irrelevant and argumentative allegations). Each of these statements by Plaintiff are irrelevant argument that should be stricken.

Because the Complaint contains numerous inappropriate allegations, Defendant requests that the Complaint be dismissed without prejudice with leave to re-file a Complaint that conforms to Rule 8's requirement of a short and plain statement. In the alternative, Defendant requests that the Court strike paragraphs 3, 4, 16, 17, 25, 26, 27, 28, 29, 30, 31 and exhibits 1–4.

## II.   PLAINTIFF SHOULD BE REQUIRED TO FILE A MORE DEFINITE STATEMENT OF HER THREE CLAIMS FOR RELIEF BECAUSE, AS CURRENTLY PLED, PLAINTIFF'S CLAIMS ARE SO VAGUE AND AMBIGUOUS SUCH THAT DEFENDANT CANNOT REASONABLY PREPARE A RESPONSE [2]

### A.   Standard of Review

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Maxton v. U.S.,* No. 12-cv-00383-WYD-BNB, 2013 WL 852379, * 1 (D. Colo. March 6, 2013) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.2007). "[A] defendant must receive adequate notice of a plaintiff's claims sufficient to allow a response or defense." *Weiszmann v. Kirkland and Ellis,* 732 F. Supp. 1540, 1546 (D. Colo. 1990). Rule 12(e) provides that "[a] party

---

[2] In addition to the ambiguities in the claims for relief, there are also ambiguities in Plaintiff's General Allegations. For example, in paragraph 11 Plaintiff alleges the assault occurred in March 2014, but in paragraph 13, Plaintiff alleges the assault occurred in March 2015. In filing a more definite statement, Plaintiff should also correct these inconsistencies that create ambiguity.

may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

### B.   Argument

In the Complaint, Plaintiff styles her claims as three separate claims for relief that sound as if they are brought under Colorado law: assault, battery and sexual assault, and intentional infliction of emotional distress.  However, in pleading the elements of each of these claims, Plaintiff wavers between these claims and claims that sound as if they are for extra-contractual liability, which is a claim under Mexican law.[3]  For example, in Count One—Assault, Plaintiff alleges that Defendant acted with intent of making contact with Plaintiff, that Plaintiff was placed in apprehension of imminent contact, and that such contact was harmful and offensive. Compl. ¶ 33.  However, immediately following those allegations, Plaintiff switches to arguing elements of a claim for extra-contractual liability under Mexican law, alleging that the assault was "both an illicit act and was against good customs and habits" and that Plaintiff "suffered moral damages, was subjected to a loss of her personality, and an infringement of her moral rights."  Compl. ¶¶ 34, 37; *see* Jorge A. Vargas, *Moral Damages under the Civil Law of Mexico,* 35 U. Miami Inter-Am. L. Rev. 183, 191 (2004).  Claims Two and Three contain similar fluctuations between Colorado tort claims and Mexican extra-contractual liability claims.  *See* Compl. ¶¶ 39-43; 45-46.

---

[3] "Under Mexico's civil law, extra-contractual liability may be defined as that which derives from 'illicit acts.'  Apart from the acts explicitly defined by the criminal code as criminal offenses, within a civil context, an act is 'illicit when [it] is contrary to the laws of public order or good customs.'"  Jorge A. Vargas, *Moral Damages under the Civil Law of Mexico,* 35 U. Miami Inter-Am. L. Rev. 183, 191 (2004) (quoting CCDF art. 1830).  Under Mexican law, moral damages may be available for extra-contractual liability.  *Id.*

To state a claim, a plaintiff must plead what "specific legal right the plaintiff believes the defendant violated." *Maxton v. U.S.,* 2013 WL 852379, at * 1.  Because the Complaint intersperses elements of Colorado tort law and Mexican extra-contractual liability law within each of the claims, it does not plead what specific legal right Plaintiff believes Defendant violated and is instead vague and ambiguous.  This is not merely a technical deficiency; whether the case is brought under Colorado or Mexican law is critical for Defendant to be able to ascertain, for example, the elements of the claims, the burden of proof, and entitlement to a jury.  Before answering the Complaint, Defendant is entitled to know if he is responding to claims of assault, battery and sexual assault, and intentional infliction of emotional distress under Colorado law, or rather claims of extra-contractual liability under Mexican law.  Removing the ambiguity as to what theories Plaintiff is arguing, "will make clearer discovery, clearer responsive pleadings, and clearer framing of the issues . . . ." *Tuscumbia City Sch. Sys. v. Pharmacia Corp.,* No. CO-12-S-332-NW, 2012 WL 5932070, 1 (N.D. Ala. 2012) (requiring Plaintiff to clarify its theory of the case).  Therefore, Plaintiff requests that the Court order Plaintiff to file a more definite statement.

**WHEREFORE,** Defendant respectfully requests that the Court strike Plaintiff's Complaint without prejudice with leave to re-file a complaint that conforms to Rule 8.  In the alternative, Defendant requests that the Court strike paragraphs 3, 4, 16, 17, 25, 26, 27, 28, 29, 30, 31 and exhibits 1–4.  Further, Defendant requests that the Court order Plaintiff to file a more definite statement of her claims for relief.

## **CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel conferred with counsel for

Plaintiff by email and telephone regarding the relief requested herein and Plaintiff is opposed.

Dated:  May 9, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


*s/ Douglas B. Tumminello*
Michael D. Plachy
Douglas B. Tumminello
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
Telephone:     303.623.9000
Email:   mplachy@lrrc.com
              dtumminello@lrrc.com

Attorneys for Defendant Nikos Hecht