IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-00581-RBJ

SUZANNA F. DAILEY,

    Plaintiff,

v.

NIKOS HECHT,

    Defendant.

---

## ORDER

---

The Court here addresses nine new non-dispositive pretrial motions, having previously addressed four similar motions in an order issued on November 9, 2016. This level of motion practice is excessive and unnecessary. The subject matter of this lawsuit involves a great deal of animosity and distrust between the parties and, apparently, the lawyers.[1] Notwithstanding the parties' differences, however, counsel should be able to rise above that and resolve most of these issues between them as professionals.

**BACKGROUND**

Plaintiff, Suzanna F. Dailey, claims that on March 25, 2014, while she was vacationing in Mexico, she was assaulted and raped by the defendant, Nikos Hecht. Mr. Hecht defends on the ground that what transpired between them was consensual. In the previous order the Court (1)

---

[1] *See, e.g.,* the briefing of plaintiff's motion for sanctions, ECF No. 70; a verbal exchange during Mr. Hecht's deposition, ECF No. 71-4- 71-5 at pp. 304-08; and an email exchange, ECF No. 75-2, attached to defendant's response brief. Those are not examples of professional conduct.

granted the defendant's motion to require plaintiff to submit to an Independent Medical Examination with conditions described in the order; (2) rejected defendant's proposed protective order and described the contours of an order the Court would accept; (3) ordered plaintiff to provide certain medical releases; and (4) granted plaintiff's motion to amend her complaint. ECF No. 57.

## PENDING MOTIONS

**A**. **Plaintiff's Motion for Independent Medical Examination, ECF No. 65**.

Plaintiff claims that she tested positive for herpes after the incident but had never tested positive for herpes before. She infers that the disease was transmitted during the incident. She asks the Court to order Mr. Hecht to submit to an independent blood draw and test for HSV 2 infection.

Mr. Hecht attaches to his response in opposition the affidavit of Timothy Kruse, M.D. ECF No. 73-1. Dr. Kruse states that he went to Mr. Hecht's home on October 19, 2016, reviewed Mr. Hecht's driver's license to confirm that the individual present was Nikos Hecht, personally drew blood, and sent the sample to the Valley View Hospital from which it was shipped to the Mayo Clinic. There an HSV 2 AB IGG blood test, described by Dr. Kruse as the most reliable test for HSV 2, was performed. The results were negative. Dr. Kruse adds that HSV 2 is a virus that cannot be cured, and that this test will detect the presence of HSV-2 antibodies in the blood even if the occurrence was many years ago and patient is not symptomatic. *Id.*

In her reply plaintiff indicates that she does not trust a blood draw "performed by a physician hand-picked by Defendant, performing a house call." ECF No. 83 at ¶1. She reports

that Mr. Hecht has in the past been accused of faking drug (urine) tests and underreporting his drug use. She speculates that the sample might have been taken from a sibling who "allegedly provided urine samples on Defendant Hecht's behalf to allow Defendant Hecht to pass court-ordered drug tests." *Id.* at ¶3.

A house call by a doctor these days is unusual, and it appears that Dr. Kruse did not know Mr. Hecht if he needed to view a driver's license to confirm his identity. That is not to say that Dr. Kruse was necessarily duped, nor do I have any reason to question his integrity. Furthermore, plaintiff's primary basis for her claim regarding the drug testing is the affidavit of Mr. Hecht's ex-girlfriend who is herself suing Mr. Hecht in another case in this district. Nevertheless, given the unusual circumstances of the blood draw, and the fact that blood draws are minimally invasive, and the fact that whether Mr. Hecht has the HSV-2 virus is a potentially significant fact, I find that there is good cause to require Nikos Hecht to submit to a blood draw taken under normal circumstances in a completely neutral setting. An independent test is the best way to put this issue to rest, one way or the other. The motion is granted.

Counsel are directed to confer (talk, not email) concerning an appropriate time and place (in Pitkin County). Defendant is directed to cooperate fully so as to get this done promptly. If there are any problems needing the Court's attention, do not file more motions. Contact chambers and set a telephone hearing. This should not, however, be necessary.

### B. **Plaintiff's Unopposed Motion to Restrict Access, ECF No. 68.**

Plaintiff asks the Court to restrict public access to a parental responsibility evaluation report filed in the Pitkin County District Court in a domestic relations case between Mr. Hecht and his former wife and filed in this case as ECF No. 64-1. She also asked that public access to

the redacted portions of two paragraphs in the motion itself, also related to the parental responsibility evaluation, be restricted. Colorado law dictates that such reports are confidential unless public access is authorized by court order. C.R.S. § 14-10-127. This report contains information concerning Mr. Hecht, his former wife, their children, and others that is of a private, personal nature in which the public has little if any legitimate interest in the present case. The motion is granted.

### C. [Defendant's] Unopposed motion to Restrict Access to Doc. #64-1, ECF No. 69.

Defendant asks that public access to the same parental responsibility evaluation that was the subject of plaintiff's motion, ECF No. 68, be temporarily restricted until counsel has an opportunity to file a motion to restrict. The motion is now moot.

### D. Plaintiff's Motion for Sanctions, ECF No. 70.

Plaintiff seeks monetary and other sanctions against defendant's law firm because during the course of the plaintiff's videotaped deposition, plaintiff's legal team discovered that defense counsel was "secretly broadcasting the victim's live deposition to a place unknown to the victim and her attorneys without the victim's or her attorney's prior consent or knowledge." ECF No. 70 at 1. Plaintiff acknowledges that when this was discovered, defense counsel explained that they had arranged to live-stream the deposition to a separate conference room where Mr. Hecht and his other lawyers on his legal team could watch as it took place. Plaintiff is skeptical ("Ms. Dailey has no way to confirm that"), but states that even so, "anyone else who had access to that

room could have (and may have) viewed all or any portion of her deposition without Ms. Dailey's knowledge." *Id.* at 2. [2]

Defense counsel responds that they arranged "an internal closed circuit feed to a nearby conference room to alleviate Plaintiff's counsel's concerns regarding Mr. Hecht's presence at the deposition." ECF No. 75 at 1. They remind the Court that plaintiff's counsel Jennifer Altman raised such concerns during the Scheduling Conference in this case, which is documented in a transcript excerpt. ECF No. 75-1. Defendant states that the use of a closed circuit connection to allow Mr. Hecht to view the deposition without being physically present was discussed with Ms. Altman after the Scheduling Conference. Ms. Altman disputes this. In any event, defendant reports that Mr. Hecht did not appear, and the lawyer who was to be in the conference room with him thereupon left the room. Counsel states that the closed circuit connection played to an empty room for the remainder of the day. ECF No. 75 at 2.

In her reply plaintiff asserts that defendant's law firm "has flouted and continues to flout" the procedural and evidentiary rules, and that the "surreptitious taping is just one of many instances of misconduct." ECF No. 84 at 1. It then attacks a motion for a protective order that has nothing to do with the subject of the motion for sanctions. *Id.* at 1-2. The reply adds little of value concerning the pending motion.

---

[2] In the motion plaintiff asserts that during the deposition defense counsel asked "a litany of invasive, inappropriate, and at times outright insulting questions, including questions about Ms. Dailey's every sexual history going back 40 years." ECF No. 70 at 2. That might have been the basis for a meritorious objection and perhaps should have been of greater concern than the relatively innocuous dispute about streaming the deposition to the separate conference room. *Cf.* C.R.S. § 18-3-407 (Colorado's "rape-shield" statute, applicable in certain criminal sexual assault cases). Unfortunately, both sides' counsel seem to have ventured into questionable territory in depositions. *See* this Court's order of November 9, 2016, ECF No. 57 at 7. However, neither party terminated the questioning in order to bring the matter to the Court's attention.

There is nothing untoward about arranging for Mr. Hecht and his other lawyer to view the deposition from a separate room. As I mentioned above, the level of animosity in this case is palpable. Ms. Altman expressed concerns to defense counsel and the Court about Mr. Hecht's presence at Ms. Dailey's deposition. Observing the deposition from another conference room by video feed is a reasonable way to honor his right to attend while respecting plaintiff's concerns.

Whether or not defense counsel discussed that possible procedure with Ms. Altman after the Scheduling Conference (and it is appalling that officers of the court are disputing this), it seems reasonably clear that defense counsel did not confirm on or before the deposition that they had actually set this up. Nor, apparently, did they explain that it had become a moot point when Mr. Hecht did not show up for the deposition after all. That failure to communicate was inappropriate, and hopefully this will serve as a lesson learned. But it is not indicative of sanctionable misconduct. This motion for sanctions is an overreaction to a situation that should and could have been diffused and resolved between counsel had cooler heads prevailed. Motion denied.

### E. **Plaintiff's Motion for Independent Psychological Examination, ECF No. 71.**

Plaintiff seeks an Independent Psychological Examination of Mr. Hecht. Defendant has responded. Plaintiff's reply is not yet due. However, the Court can rule on a motion at any time. *See* D.C.COLO.LCivR 7.2(d)("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Having reviewed the motion and response, I find that the issue has been sufficiently presented, and a reply is not necessary.

In her motion plaintiff points to what she claims were admissions made by Mr. Hecht during his deposition: that he had at least some sexual contact with Ms. Dailey on the day in

question;[3] that he has a history of substance abuse; and that he was under the influence of controlled substances when the incident took place.[4] She notes that Mr. Hecht's former wife has reported to authorities that Mr. Hecht has engaged in drug abuse and domestic violence, and that his former girlfriend has also reported incidents of domestic violence. She claims that Mr. Hecht's mental condition is therefore in controversy, and she asks the Court to order a psychological IME by Dr. Maximillian Wachtel, a licensed psychologist. The plaintiff apparently requests that the doctor answer the following questions: (1) whether Defendant has a modus operandi and/or pattern and practice as it relates to sexual violence against women with and without drugs; (2) defendant's perception of reality while under the influence of controlled substances; (3) defendant's perception of his own drug use; (4) defendant's understanding of the effects of drug use on him; and (5) defendant's perception of reality both with and without the influence of controlled substances. *See* ECF No. 80 at 7.

Defendant responds he has not put his mental health in controversy. Rather, because his defense is based on his claim that the contact between the parties was consensual, not an assault,

---

[3] The deposition cite provided for this admission, ECF No. 71-4 at p. 263:14-17, has nothing to do with this, nor could I find support for this in any other deposition excerpt submitted with the motion, *see* ECF Nos. 71-1 through 71-5).

[4] The deposition excerpt cited for the alleged fact that Mr. Hecht was under the influence of controlled substances when the incident occurred, ECF No. 71-4 at pp. 222:17 through 223.5:5, is unclear at best and unsupportive at worst. In context Mr. Hecht had been describing that beginning in 2012 and at least throughout 2013 he was taking several "roxies" a day for pain and stress relief. *Id.* at pp. 217-23. This apparently refers to Roxicodone, an opiate described as an instant release oxycodone that can be prescribed in place of OxyContin. *See* www.urbandictionary.com/define.php?term=roxy. Following that discussion in the deposition, examining counsel shifted back to the incident that is the subject of this lawsuit. *Id.* at p. 223:12. There is nothing on that page or the immediately following pages that concerns an admission or a denial of the use of roxies, other opiates or other controlled substances, prescribed or otherwise, that particular evening. By the same token, the defendant did not deny the allegation in his response.

"[h]is mental health has nothing to do with the elements of Plaintiff's claims or any affirmative defense asserted by him." ECF No. 80 at 1-2.

Rule 35(a) of the Federal Rules of Civil Procedure grants district courts discretion to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The rule can be applied to a plaintiff or a defendant. *See Schlagenhauf v. Holder,* 379 U.S. 104, 112-14 (1964). Either way, the nonmovant's physical or mental condition must be in controversy, and good cause must be shown. Rule 35(a)(1), (2)(A). *See id.* at 111, 116; *Estate of Rossiter v. Board of County Commissioners of Arapahoe County,* No. 08-cv-01661-LTB-KLM, 2009 WL 1873612, at *1 (D. Colo. June 30, 2009). Applying that rule, I have ordered that Ms. Dailey submit to an IME by a psychiatrist, ECF No. 57 at1-5, and I have today ordered that Mr. Hecht submit to a limited form of IME (a blood draw).

Ms. Dailey claims that she was raped, and that this will be corroborated by two eyewitnesses. ECF No. 71 at 2. If Mr. Hecht did what plaintiff claims, then in a lay sense one might think "he must have had a screw loose." But that is not the same as putting his mental condition in controversy. As he has indicated, his defense is that he did not do what she claims, and that any contact of a sexual nature that occurred between him and Ms. Dailey was consensual. He has not suggested that his actions, whatever they were, were caused by or could be excused by any mental infirmity. In his answer and amended answer to original complaint the defense asserted was general denial; no affirmative defenses, let alone defenses based on his mental condition, were asserted. ECF Nos. 33 at 8; 34 at 8. In his answer to plaintiff's amended

complaint, he again asserts general denial, adding consent as a purported "affirmative defense," but maintaining that it is plaintiff's burden to prove lack of consent. ECF No. 67 at 8.

Nevertheless, plaintiff has attempted to show that, notwithstanding Mr. Hecht's defense, his mental condition is in controversy and there is good cause to require an examination by a psychologist. She apparently wants the psychologist to try to determine whether Mr. Hecht has a "modus operandi" for sexual violence. Setting aside whether any such evidence would be admissible under Fed. R. Evid. 404(b), the way to attempt to show this would be by prior act evidence, not a fishing expedition conducted through the guise of an IME. She has evidence of Mr. Hecht's use of narcotics but has shown me no evidence that he was under the influence of drugs when the incident occurred or whether drugs had anything to do with the alleged assault. Again, she appears to be fishing for evidence in the guise that Mr. Hecht's mental condition is in controversy.

I find and conclude and for much the same reason that Magistrate Judge Mix denied a similar motion in *Estate of Rossiter,* that plaintiff has failed to establish either of the two closely related prerequisites for an IME (mental condition in controversy, good cause). *See* 2009 WL 1873612, at \*\*2-3. I decline to exercise my discretion to order an IME of Mr. Hecht by a psychologist on this record.

### F. [Defendant's] Motion to Restrict Access to Doc. #64-1, ECF No. 72.

This is the more fulsome motion, promised in ECF No. 69, seeking to restrict access to the parental responsibility evaluation report filed at ECF No. 64-1. One would think that this too would be moot in light of the Court's granting of plaintiff's motion to restrict access to the same document, ECF No. 68. But, in something of an about face, plaintiff files what she calls a

"reply" to this motion "to clarify her position regarding public access to Document #64-1." ECF No. 77. She attached a copy of the parental responsibility evaluation report with large portions redacted, ECF No. 77-1, but with no flag to the Clerk's Office that the non-redacted portion had been restricted previously by the Court or that filing any portion of this report without court approval would be contrary to C.R.S. § 14-10-127. Fortunately, the alert court staff spotted this and restricted the document, so that the non-redacted portions were apparently only publicly accessible from December 20 to December 23, 2016.

Beyond that error, which I assume was inadvertent, it would have been more impressive if counsel had acknowledged this "reply" for what it is. It does not "clarify" her previous position. It changes her previous position, and I would not have a problem with a change of position if it was based on some new evidence or development. But there is no new evidence or development here. Nor do I find good cause to make an exception to the general mandate of C.R.S. § 14-10-127. Assuming without deciding that any portion of this report might be admissible in evidence, plaintiff has demonstrated no basis to open it up to public view. Accordingly, defendant's motion is granted.

**G. Defendant's Motion to Restrict Access to Parental Responsibility Evaluation Report, ECF No. 78.**

This is another motion to restrict public access to the parental responsibility evaluation report. Granted.

**H. Plaintiff's Unopposed Motion to Extend Deadline to Reply to Motion for Sanctions, ECF No. 79.**

A reply has been filed, and this motion is moot.

### I. **Plaintiff's Motion to Restrict Access, ECF No. 81.**

Plaintiff filed a motion to restrict access to her motion for an independent medical examination in the form of an independent blood draw. ECF No. 63. The Court denied that motion. ECF No. 66. Now she moves to restrict access to a portion of her reply in support of the same motion. ECF No. 81. She informs the Court that she is doing so because the defendant designated the redacted information as confidential.

This motion does not certify compliance with D.C.COLO.LCivR 7.1(a) (duty to confer). It is not appropriate to ignore that rule. Nevertheless, the redacted portion of the reply concerns the parental responsibility evaluation report, and there is no question but that the defendant objects to public access to that report. The motion is granted.

### ORDER

1. ECF No. 65 is granted.
2. ECF No. 68 is granted.
3. ECF No. 69 is moot.
4. ECF No. 70 is denied.
5. ECF No. 71 is denied.
6. ECF No. 72 is granted.
7. ECF No. 78 is granted.
8. ECF No. 79 is moot.
9. ECF No. 81 is granted.

DATED this 6th day of January, 2017.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

12