IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-CV-00581-RBJ

SUZANNA F. DAILEY,

    *Plaintiff,*

v.

NIKOS HECHT,

    *Defendant.*

---

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE
TO ANY PRESCRIBED MEDICATIONS OF MS. DAILEY INCLUDING
AS IT RELATES TO ANY IMPACT OF MS. DAILEY'S PRESCRIBED
MEDICATIONS ON HER BEHAVIOR**

---

Plaintiff, Suzanna F. Dailey ("Plaintiff" or "Ms. Dailey") moves this Court for an order precluding Defendant Nikos Hecht ("Hecht"), through arguments of counsel or the introduction of evidence, from discussing Ms. Dailey's prescribed medications including reference to aripiprazole (Abilify)–a prescribed antidepressant medication—or the behavioral effects that any medication may have had on Ms. Dailey.[1] There is not a dint of evidence that Ms. Dailey took any medication on the day of the rape, but, even if she had, there is similarly no evidence that she experienced any adverse behavioral consequences, that she misused any of her prescribed medications or that the

---

[1] Plaintiff filed a *Daubert* motion directed to Dr. Gortler, a pharmacist and pharmacologist (and Defendant's only expert) because, as more fully detailed in the motion, Dr. Gortler cannot and did not opine that any of the prescription medications had any adverse effect on her whatsoever or that she did not take them as prescribed. Plaintiff adopts and reincorporates those arguments in this motion, as the reasoning is the same: if there is no evidence that any of her prescribed medications had any adverse behavioral consequences, then the information is not relevant to the claims or damages in this case.

combination of her prescription medications had any impact on her memory.[2] Since there is no relationship between the medications and the claims or defenses in this case, to the extent that Defendant Hecht was to attempt to introduce any evidence relating to her prescription medications, it would only be to create an adverse impression in the minds of the jury with regard to Ms. Dailey; this would unfairly prejudice Ms. Dailey in presenting her case. The issues here are narrow and the use of such irrelevant information is likely to improperly confuse the jury and create a false impression that Ms. Dailey is an unworthy plaintiff, that she is already damaged or harmed because she was taking anti-depressants or that she was somehow not in control of herself on the night in question. All of these inferences would be improper and, accordingly, the evidence should be barred.

## CERTIFICATE OF CONFERRAL

Defendant's counsel has indicated during the Rule 7.1.A conferral on this motion that Defendant intends to introduce evidence regarding Ms. Dailey's prescription medications and any behavioral (or potential behavioral) impact of those medications. Accordingly, Ms. Dailey submits this motion *in limine* to exclude such evidence and argument as not relevant under Fed. R. Evid. 401-403.

**I.     INTRODUCTION**

Ms. Dailey filed this lawsuit on March 10, 2016, in response to Defendant Hecht's violent assault and rape, which occurred at a restaurant in Cabo San Lucas, Mexico. Her allegations are straightforward: Ms. Dailey alleges that while attending a dinner party with family, friends and

---

[2] Dr. Gortler Dep. Tr. 216-219 (Feb. 17, 2017) (Rough), Ex. 1. At the time of preparing this motion, Plaintiff is only in possession of the rough transcript, but will provide the final upon receipt. Attached as Exhibit 1 is a copy of the rough transcript of Dr. Gortler.

PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ANY PRESCRIBED MEDICATIONS OF MS. DAILEY INCLUDING AS IT RELATES TO ANY IMPACT OF MS. DAILEY'S PRESCRIBED MEDICATIONS ON HER BEHAVIOR  -  PAGE 2

other invited guests in March of 2014, Defendant Hecht invited Ms. Dailey to see the beautiful gardens at the venue; not suspecting any foul play, Ms. Dailey agreed. Once away from the group, Defendant Hecht violently raped Ms. Dailey.[3] Ms. Dailey's minor nephew and his close friend, both of whom also attended the dinner, witnessed Mr. Hecht having intercourse with Ms. Dailey.[4] Defendant Hecht denies having intercourse with Ms. Dailey at all. Notably, Defendant Hecht has admitted to being under the influence of significant amounts of narcotics on the evening in question.[5]

Defendant Hecht disclosed Dr. Gortler as his expert and it is clear that Defendant intends to try and argue to the jury that Ms. Dailey could "possibly" have experienced certain impulse control side effects exists (although Dr. Gortler acknowledges that he has no idea) and that Ms. Dailey could have been taking a combination of prescribed medications that impacted her memory (although, again, Dr. Gortler has no idea if that was the case). Whether Dr. Gortler is excluded or not, Plaintiff is entitled to an order precluding evidence relating to her prescription medications or any impact from those medications on her behavior as there is simply no evidence to support any of these inferences much less the conclusions.

---

[3] Ms. Dailey only met Defendant Hecht once before the night she was raped. A few days earlier, the Hecht family invited Ms. Dailey's sister, who was on vacation with Ms. Dailey, to their home for a brief get-together, which lasted approximately one hour. S. Dailey Dep. Tr. 69:9-71:9 (Sept. 28, 2016), Ex. 2; J. Andlinger Dep. Tr. 36:23-37:16 (Sept. 20, 2016), Ex. 3. During the welcome reception and the dinner at Flora Farms, Ms. Dailey had extremely limited contact or conversation with Defendant Hecht. S. Dailey Dep. Tr. 101:22-106:13, Ex. 2; J. Andlinger Dep. Tr. 54:10-16; 59:16-18; 61:19-63:21, Ex. 3.

[4] G.C. Dep. Tr. 59:7-65:11 (Oct. 17, 2016), ECF No. 105-1; T.A. Dep. Tr. 97:2-102:13 (Oct. 6, 2016), ECF No. 105-2.

[5] Nikos testified that he took two or three 5–milligram opiate pills the day of the rape and confirmed he was drinking alcohol that night. Hecht Dep. Tr. 288:5-289:33 (Sept. 29, 2016), Ex. 4. *See also* Notice of Clarification, ECF No. 86.

## II.     ARGUMENT

This Court has discretion to consider motions *in limine* and exclude irrelevant and prejudicial evidence in advance of trial. *Good v. A. B. Chance Co.,* 565 P.2d 217, 221 (App. 1977); *Mendelsohn v. Sprint United Mgmt. Co.,* 587 F.Supp.2d 1201, 1208 (D.Kan.2008) *aff'd,* 402 F. App'x 337 (10th Cir.2010) ("The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."); *see also King v. Glanz,* 12-CV-137-JED-TLW, 2015 WL 4509461, at *1 (N.D. Okla. July 24, 2015).   This discretion, of course, includes the Court's authority to preclude irrelevant and prejudicial arguments or references at trial, as the Court is the ultimate gatekeeper.   *United States v. Jordan,* 485 F.3d 1214, 1218 (10th Cir.2007).

Relevant evidence is that which has "(a) any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee Note. "In the balancing of probative value against unfair prejudice required by Rule 403, the trial judge has wide discretion." *United States v. Dwyer*, 539 F.2d 924, 927 (2d Cir. 1976).

The trial court must evaluate under Fed. R. Evid. 403 the risk of undue prejudice posed by unsubstantiated or unreliable evidence, whether in the form of expert testimony or evidence in

general. As more fully set forth in the *Daubert* motion, Dr. Gortler has admitted under oath that he is not qualified to opine regarding any potential impact that Ms. Dailey's prescribed medications may have had on her behavior nor can he testify that Ms. Dailey's medications caused or contributed to any actions she may or may not have taken.

In light of the fact that there is no evidence of any adverse impact on Ms. Dailey relating to her prescribed medication, creating the impression, through the questioning of witnesses, allowing the introduction of her pharmaceutical records or any other medical records showing her prescription medications should be prohibited as it has no bearing on the actual issues that the jury must confront.  Use of this evidence would simply be used by Defendant to create false impression that Ms. Dailey was not properly taking her medications or that the medications somehow impacted the events on March 25, 2014. There is simply no credible evidence to support these conclusions, indeed even Defendant's expert could not render that opinion.  The fact that there is a remote possibility of a prescribed medication having an adverse impact, standing alone, is insufficient and should not be information that is presented to a jury.

Defendant has not, and cannot, provide any basis that the evidence of that the medications that Ms. Dailey was prescribed would make any of the facts or issues in this case more or less likely.  On the contrary, discussions about what prescriptions Ms. Dailey was (or was not taking) and the possible remote side effects of those prescriptions would only serve to confuse the jury, injecting into the case issues that have no relationship to the actual evidence here. Further, such evidence would be introduced to try and impugn Ms. Dailey and question the merits of her claim. This highly prejudicial result should not be permitted. FRE 403.

### III. CONCLUSION

Wherefore Ms. Dailey respectfully requests that this Court enter an order precluding any evidence of Ms. Dailey's prescribed medication, whether through testimony or documentary evidence, including any evidence relating to any adverse consequences to any of the medications she was prescribed.

DATED March 7, 2017.

                                      Respectfully submitted,
By */s/ Maria-Vittoria G. Carminati*
Maria-Vittoria G. Carminati
David A. Bovino
BOVINO CARMINATI LLC
600 East Hopkins Ave., Ste. 301
Aspen, CO 81611
Phone: (970) 925-4445
Fax: (970) 925-5333
giugi@bovinolaw.com
david@bovinolaw.com

Jennifer Altman
Aryeh Kaplan
Shani Rivaux
PILLSBURY WINTHROP SHAW PITTMAN LLP
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
Phone : (786) 913-4880
Fax : (786) 913-4901
jennifer.altman@pillsburylaw.com
aryeh.kaplan@pillsburylaw.com
shani.rivaus@pillsburylaw.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 7, 2017, a true and correct copy of the foregoing document was filed via the CM/ECF system, which caused it to be served upon the following by email:

*Counsel for Defendant, Nikos Hecht*
Michael D. Plachy, Esq.
Douglas B. Tumminello, Esq.
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
mplachy@lrrc.com
dtumminello@lrrc.com

Marci G. LaBranche
David M. Tenner, Esq.
Shanelle N. Kindel, Esq.
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, CO 80202
labranche@ridleylaw.com
tenner@ridleylaw.com
kindel@ridleylaw.com

                                            */s/ Maria-Vittoria G. Carminati*
                                            Maria-Vittoria G. Carminati