**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-CV-00581-RBJ-KLM

**SUZANNA F. DAILEY**,

            Plaintiff,

v.

**NIKOS HECHT**,

            Defendant.

---

**PLAINTIFF SUZANNA F. DAILEY'S AMENDED DISCLOSURE [12-05-2016]**

---

Plaintiff Suzanna F. Dailey ("Dailey") hereby submits her amended disclosures pursuant to Rule 26(a)(1) and (2), Federal Rules of Civil Procedure, as follows. Dailey makes her supplemental disclosures without the benefit of completed discovery and reserves her right to amend, modify or otherwise supplement her disclosures as allowed under the Federal Rules of Civil Procedure.

### 1.  Individuals  Likely to Have Discoverable Information

1.    Andrew Hecht, c/o Garfield & Hecht PC, 601 East Hyman Ave., Aspen, CO, (970) 925-1936.
    Andrew Hecht is Nikos Hecht's father, was present at the dinner where the assault occurred and is believed to have information pertaining to events pertinent to this case as well as regarding the Defendant in particular that may be relevant.

2.    Nikos Hecht, Aspen, CO
    Nikos Hecht is the Defendant and has information about this case.

3.    Alison Hecht, (910) 319-8591
    Ms. Hecht was married to Nikos Hecht, was present at the dinner where the

1

EXHIBIT C
Page 1 of 8

structured interview and psychological testing. The outcome would be a psychological report summarizing his findings, and Dr. Wachtel could then testify at trial regarding the same.

The goal of Dr. Wachtel's IME is to shine a light on Defendant's psychological makeup both at the time of the rape and now. The questions Dr. Wachtel will seek to answer are whether Defendant has a modus operandi and/or pattern & practice as it relates to sexual violence against women with and without drugs, as well as his perception of reality while under the influence of controlled substances. The IME will also analyze Defendant Hecht's perception of his own drug use, his (mis)understanding of its effects on him, as well as his perception of reality both with and without the influence of controlled substances. Dr. Wachtel's opinions will be based upon his work in conducting an IME of Defendant Hecht; thus, his opinions will be based on firsthand knowledge of Defendant Hecht.

### B.  Unretained Experts

Ms. Dailey hereby also discloses the following unretained experts.

### i.      Sheriff Joe DiSalvo, Pitkin County Sheriff's Department

Sheriff DiSalvo is expected to present evidence under Federal Rules of Evidence 702, 703, and 705, regarding Defendant Hecht's history of drug use. Sheriff DiSalvo may testify as to his opinion that Defendant Hecht abuses drugs and controlled substances. Sheriff DiSalvo's qualifications are opinions are contained in his deposition in *Dailey v. Hecht*.

### ii.     Deputy Monique Merritt, Pitkin County Sheriff's Department

Deputy Merritt is a former social worker with a Master's Degree in Social Work. Deputy Merritt's qualifications are opinions are contained in her deposition in *Dailey v. Hecht*. She is also a Deputy Sheriff with the Pitkin County Sheriff's Department. As a social worker Deputy Merritt worked with victims of domestic violence and domestic abuse. As a Deputy Sheriff she has attended numerous domestic violence trainings and serves on a law enforcement committee

EXHIBIT C
Page 5 of 8

focused on domestic violence victims. In her current role, Deputy Merritt specializes and focuses on issues of domestic violence.

Deputy Merritt is expected to testify about the wheel of power and control used by domestic abusers and Defendant Hecht's actions that are in consistent with actions recognized as being part of the "power and control wheel." Deputy Merritt will opine regarding Defendant Hecht exercising power and control over both Alison Hecht and Brooke Warfel that is consistent with the actions of domestic abusers. Deputy Merritt is likely to testify as to her opinion regarding Defendant Hecht's pattern of exerting dominion and control over women, and other issues related to Defendant's Hecht's commission of domestic violence. The pattern of behavior will include attempts to control the victim's sexual past, sexual present, social relations, social media, family relations, financial situation, and healthcare. Deputy Merritt will also identify the fact that domestic abusers seek to shame their victims as mothers, for their sexual experiences, and for their drug use—even if the abusers are the source of the drugs—in order to break down their victims. Deputy Merritt will be able to testify that Defendant Hecht's actions, as she witnessed them via her investigation and through other evidence in this case, were consistent with such known practices both against Ms. Hecht and Ms. Warfel.

Deputy Merritt will also be able to testify regarding typical domestic abuse behavior, including false recantations and attachment to the abuser, despite their abuse. Deputy Merritt, through her investigation, will testify regarding the fact that Ms. Warfel's behavior is consistent with such typical victim behavior.

Finally, Deputy Merritt will testify regarding her investigation of Defendant Hecht's abuse of Ms. Warfel in July 2015, facts and circumstances as she perceived them firsthand, the issuance of a protective order against Defendant Hecht, and Defendant Hecht's subsequent violation of the protective order.

iii.     **Betty J. McGuigan, Ph.D., Licensed Psychologist**

EXHIBIT C
Page 6 of 8

Dr. McGuigan is Dailey's treating psychologist. She will testify regarding the detrimental psychological effects of Defendant Hecht's rape on Ms. Dailey. Dr. McGuigan's opinions will be based upon her work as a treating physician.

Dated: December 5, 2016                                 Respectfully submitted,


By */s/ Jennifer G. Altman*
Jennifer G. Altman, Esq.
Markenzy Lapointe, Esq.
BOIES, SCHILLER & FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307
jaltman@bsfllp.com
mlapointe@bsfllp.com


By */s/ David A. Bovino*
David A. Bovino
By */s/ Maria-Vittoria G. Carminati*
Maria-Vittoria G. Carminati
BOVINO CARMINATI LLC
600 East Hopkins Ave., Ste. 301
Aspen, CO 81611
Phone: (970) 925-4445
Fax: (970) 925-5333
david@bovinolaw.com
giugi@bovinolaw.com

7

EXHIBIT C
Page 7 of 8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 5, 2016, a true and correct copy of the foregoing

document was served via the following by email:

*Counsel for Defendant Nikos Hecht*
Michael D. Plachy, Esq.
Douglas B. Tumminello, Esq.
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
mplachy@lrrc.com
dtumminello@lrrc.com

*Counsel for Defendant Nikos Hecht*
Marci G. LaBranche
David M. Tenner, Esq.
Shanelle N. Kindel, Esq.
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, CO 80202
labranche@ridleylaw.com
tenner@ridleylaw.com
kindel@ridleylaw.com

EXHIBIT C